# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| YUSEF LATIF JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | CV410-188 |
| | ) | CV410-165 |
| v. | ) | CV408-110 |
| | ) | CR406-258 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Yusef Jackson *yet again* moves to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255. Doc. 128; *see also* doc. 107 (first § 2255 motion); doc. 123 (second).[1] This time, he did not even wait until the Court ruled on his *second* § 2255 motion before filing this, his *third* § 2255 motion, which is both successive *and* duplicative of his second § 2255 motion. *See* doc. 123 (second § 2255 motion filed July 22, 2010); doc. 126 (Report and Recommendation ("R&R") advising dismissal on successiveness grounds). In fact, in the Court's recent R&R, it reminded him that just a few months

---

[1] All citations are to the docket in *United States v. Jackson*, No. CR406-258 (S.D. Ga. Apr. 3, 2007).

before he filed his second § 2255 motion, the Eleventh Circuit had told him "no" when, pursuant to 28 U.S.C. § 2255(h) and 2244(b)(3)(A), he filed an application seeking an order authorizing the district court to consider a second or successive § 2255 motion. Doc. 126 at 1 (citing doc. 122). That had followed his first § 2255 motion here. Doc. 107 (motion); doc. 113 (judgment denying relief); doc. 124 (Certificate of Appealability denied by Eleventh Circuit).

Mr. Jackson knows that he must seek and obtain the approval of the Eleventh Circuit Court of Appeals before filing a successive § 2255 motion challenging his conviction for unlawful possession of a firearm by a convicted felon. Absent such authorization by the Court of Appeals, this Court is powerless to consider any additional collateral attacks upon that conviction. 28 U.S.C. § 2255(h); *see also* Rule 9, Rules Governing § 2255 Proceedings for the United States District Courts. Thus, his latest § 2255 motion, doc. 128, should be **DENIED**.

Jackson's abusive filing practices are at an end. He is advised that any further successive § 2255 motions will be met with sanctions. *See Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing

a $500 sanction on a pro se inmate raising frivolous arguments in support of a successive petition for habeas corpus relief, and restricting his ability to make further filings until the fine was paid), applied in *United States v. Hall*, No. CV493-045, doc. 21 (S.D. Ga. Mar. 21, 2010) (imposing $200 sanction against serial habeas filer and instituting "paper-less review" of any future filings); *see also Thomas v. Bartow*, 2010 WL 252927 at * 1 (E.D. Wis. Jan. 15, 2010) (citing *Alexander*, 121 F.3d at 315, in warning successive § 2254 filer that court would impose pre-filing injunction and monetary sanction).

**SO REPORTED AND RECOMMENDED** this 18th day of August, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA